# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **NORVEL LEE WOODSON,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:12-2529** |
| ) | **(Criminal No. 5:09-0191)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Gilmer, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 3, 2012.[1] (Document No. 86.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 89.)

## FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2010, Movant pled guilty to one count of distribution of cocaine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1). (Criminal Action No. 5:09-0191, Document Nos. 45, 47, and 48.) A Presentence Investigation Report was prepared and the District Court sentenced Movant on August 31, 2010. (Id., Document No. 59, 61, and 64.) The District Court determined that Movant had a Base Offense Level of 12, and a Total Offense Level of 29, the Court having found Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) and a three-level

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

decrease for acceptance of responsibility. (Id.) The District Court ordered that Movant serve a 151-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 61.) The District Court also imposed a $100 special assessment. (Id.)

On September 13, 2010, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 66.) In his appeal, Movant argued that "his guilty plea was involuntary because his attorney was ineffective for failing to advise him of the consequences of this plea in light of the applicability of the career offender provisions of the Sentencing Guidelines." United States v. Woodson, 422 Fed.Appx. 295 (4th Cir. April 11, 2011). On April 11, 2011, the Fourth Circuit affirmed Movant's conviction and sentence. Id. Movant did not file a petition for certiorari with the United States Supreme Court.

On July 3, 2012, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:12-2529, Document Nos. 86 and 87.) As grounds for *habeas* relief, Movant alleges as follows (Id.):

1. Trial counsel failed to advise Petitioner of the potential for an enhancement as a career offender pursuant to the advisory sentencing guidelines after negotiating a plea agreement wherein the U.S. Government agreed not to petition the court by information for a sentence enhancement pursuant to Title 28 U.S.C. § 851; and

2. Trial counsel failed to investigate and prepare for sentencing by failing to inquire and investigate the potential ramifications of Petitioner's plea agreement with regard to sentencing. Specifically, trial counsel failed to investigate whether or not the sentencing guidelines career offender enhancement (U.S.S.G. § 4B1.1) would still be applicable under the terms of the Petitioner's plea agreement.

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues

3

advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). In his appeal, Movant argued that "his guilty plea was involuntary because his attorney was ineffective for failing to advise him of the consequences of his plea in light of the applicability of the career offender provisions of the Sentencing Guidelines." In Grounds 1 and 2 of his instant Motion, Movant alleges that trial counsel was ineffective by failing to (1) "advise [Movant] of the potential for an enhancement as a career offender pursuant to the advisory sentencing guidelines after negotiating a plea agreement wherein the U.S. Government agreed not to petition the court by information for a sentence enhancement pursuant to Title 28 U.S.C. § 851," and (2) "investigate whether or not the sentencing guidelines career offender enhancement (U.S.S.G. § 4B1.1) would still be applicable under the terms of the Petitioner's plea agreement." (Document Nos. 86 and 87.) The undersigned finds that the foregoing claims were raised on appeal and rejected by the Fourth Circuit. Specifically, the Fourth Circuit stated as follows:

> As part of the plea agreement, the Government agreed not to file an information as to prior convictions pursuant to 21 U.S.C. § 851 (2006). In preparing the presentence report, the probation officer determined that Woodson qualified as a career offender and therefore the applicable guideline sentencing range was

4

>     enhanced to 151 to 188 months.
>        At sentencing, Woodson objected to application of the enhancement, noting that counsel had not advised him regarding the career offender enhancement based on counsel's mistaken belief that the Government's agreement not to file a § 851 information also meant that the career offender guideline would not apply. The district court overruled this objection, noting that the career offender provision and § 851 were entirely different. The court then sentenced Woodson to 151 months, the bottom of the applicable guidelines range.
>        To warrant relief on his claim that counsel's ineffective assistance resulted in an involuntary plea, Woodson must show that counsel's conduct "fell below an objective standard of reasonableness[,]" and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate prejudice, Woodson must establish "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)(quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
>        During the Rule 11 colloquy, the district court clearly informed Woodson that he was subject to a maximum sentence of 20 years imprisonment. Woodson stated that he understood this penalty. The Rule 11 transcript reveals no evidence that Woodson was confused by this information. To the contrary, this information was also stated in Woodson's plea agreement, which Woodson signed and acknowledged that he read and understood. . . . .
>        Woodson bears the burden of demonstrating that he was prejudiced by an deficiency in his counsel's performance, and in this case, he has failed to carry that burden of showing prejudice. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).
>
>                                         * * *
>
>        In *Lambey*, the district court provided the defendant with the correct statement of his sentencing exposure during the Rule 11 colloquy, thereby correcting the erroneous advice previously given by defendant's counsel. The circumstances here are aligned with those in *Lambey* – counsel failed to provide advice, but the court corrected this failure by providing Woodson with the correct information during the Rule 11 colloquy. The holding in *Lambey* therefore dictates the outcome of this appeal, Woodson's reliance on *Hammond* is misplaced.
>        Finding no prejudice, we need not reach the question of whether Woodson's counsel was in fact deficient.

Woodson, 422 Fed.Appx. at 296-97. Thus, Petitioner is clearly seeking to revisit the same issues that

were rejected on appeal.

   Citing Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 183 L.Ed.2d 379 (2012) and Lafler

v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), Movant appears to be arguing

5

an intervening change in the law supports his ineffective assistance of counsel claim. In Frye, the United States Supreme Court "held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client." United States v. Ray, 547 Fed.Appx. 343, 345 (4th Cir. 2013)(citing Frye, ___ U.S. at ___, 132 S.Ct. at 408). In order to show prejudice from ineffective assistance of counsel, "a defendant must show the outcome of the plea process would have been different with competent advice." Frye, ___ U.S. at ___, 132 S.Ct. at 1409. In Lafler, the Supreme Court "held that the Sixth Amendment right to counsel applies to the plea bargaining process and that prejudice occurs when, absent deficient advice, the defendant would have accepted a plea deal that would have been provided by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Ray, 547 Fed.Appx. at 344-45(citing Lafler, ___ U.S. at ___, 132 S.Ct. at 1385). The undersigned finds that Frye and Lalfer do not constitute an intervening change in law that justifies consideration of a prior determination. See Harris v. Smith, 2013 WL 6645584, * 1 (4th Cir. Dec. 18, 2013)(The Supreme Court's decisions in *Frye* and *Lafler* "did not announce a new rule of constitutional law.") Additionally, Movant's reliance on Frye and Lafler is misplaced. Unlike the defendants in Frye and Lafler, Movant does not allege that there was a plea offer that was not communicated by counsel or that he would have accepted a plea offer had he been afforded effective assistance of counsel. See Maddox v. United States, 2013 WL 3878736, * 6 (N.D.W.Va. July 25, 2013)("[T]he *Lafler* decision has no true application to the instant case because the petitioner did not reject a plea offer on advice of counsel and proceed to trial. In addition, unlike the defendant in *Frye*, the petitioner herein did not have a plea agreement or plea offer that was not communicated by counsel.") In Movant's instant Motion, as in his appeal, Movant is continuing to argue that he would have rejected the plea

6

offer if he had been properly advised of his sentencing exposure.[2] In Lafler, the Supreme Court noted that Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), should be applied "when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea." Lafler, ___ U.S. at ___, 132 S.Ct. at 1384-85("In contrast to *Hill*, here the ineffective advice led not to an offer's acceptance, but to its rejection."). In Movant's appeal, the Fourth Circuit applied the standard set forth in Hill. Specifically, the Fourth Circuit stated that "[t]o demonstrate prejudice, Woodson must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Woodson, 422 Fed.Appx. at 296. Therefore, Movant's above claims are procedurally barred because he is seeking to revisit the same issues that were rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so. See United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004)(indicating that because there was not any change in the law warranting reconsideration of claims that were "already addressed and rejected on appeal," the district court correctly held that the defendants "cannot relitigate these issues" by asserting the claims in a Section 2255 motion).

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and

---

[2] During sentencing, the District Court found as follows:

> Further, I find that during his plea of guilty, the defendant stated that he was aware of the maximum term of incarceration that he faced under the law. And the defendant's sentencing memorandum concedes that his counsel discussed with him the possibility of the career offender enhancement prior to his plea.

(Criminal Action No. 09-0191, Document No. 74, p. 9.)

accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 86.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: April 18, 2014.

R. Clarke VanDervort
United States Magistrate Judge