IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION


NORVELL WOODSON,

           Petitioner,

v.                              CIVIL ACTION NO.   5:12-cv-02529
                                                   5:14-cv-16725
                                          (Criminal No. 5:09-cr-00191)

UNITED STATES OF AMERICA,

           Respondent.


**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Petitioner's motion pursuant to 28 U.S.C. § 2255 filed on July 3, 2012, to vacate, set aside or correct sentence (Document 86, Case No. 5:12-cv-2529), brought on the grounds, *inter alia*, that his counsel was ineffective, rendering his plea involuntary.

      By *Standing Order* (Document 89) entered on July 3, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On April 18, 2014, Magistrate Judge VanDervort submitted a *Proposed Findings and Recommendation* (PF&R) (Document 96), wherein it is recommended that this Court deny the Petitioner's § 2555 motion and remove the action from the docket.   Mr. Woodson timely filed his *Objection to Magistrate Judge's Proposed Finding and Recommendation* (Document 97) on May

1

2, 2014. Following careful consideration, the Court finds that Magistrate Judge VanDervort's PF&R should be adopted and the Petitioner's objections should be overruled.

The Court has additionally reviewed a subsequent § 2255 motion (Document 98, Case No. 5:14-cv-16725) filed by the Petitioner on May 19, 2014, in which he asserts that his counsel was ineffective in failing to object to the Court's withholding of acceptance of the plea agreement until review of the Presentence Investigation Report. This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, by *Standing Order* (Document 99) entered on May 22, 2014. In the interests of efficiency, this Court finds it appropriate to withdraw the reference and consider all of the Petitioner's claims herein. Following careful consideration, the Court finds that the subsequent § 2255 must be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Magistrate Judge VanDervort set forth the factual allegations and procedural history of this matter in detail. The Court now incorporates by reference those facts and procedural history. However, to provide context for the ruling herein, the Court provides the following summary.

Mr. Woodson pled guilty to one count of distribution of cocaine on March 30, 2010. He was sentenced to one hundred fifty-one (151) months of incarceration, which was the bottom of the applicable guideline range, based on his status as a career offender pursuant to Section 4B1.1(a) of the United States Sentencing Guidelines (Guidelines). Mr. Woodson's attorney, J. Steven Hunter, was under the mistaken impression that acceptance of the United States' plea offer would preclude application of the career offender enhancement under the Guidelines. (*See* Def.'s

2

Sentencing Memorandum, Case No. 5:09-cr-191, Document 55 ("Counsel acknowledges that the career offender status was discussed with the defendant prior to his plea herein, however, based on the offer from the United States Attorney to withhold the filing of an information, counsel felt that the career offender enhancement had been taken off the table.")  The plea offer included an agreement not to file an Information pursuant to 21 U.S.C. § 851, which would have increased the potential statutory minimum and maximum sentences.  Mr. Woodson's offense involved relatively small drug quantities, and the career offender enhancement increased his Guideline sentencing range dramatically.

Mr. Woodson asserts that his attorney failed to advise him that he could receive a career offender enhancement under the Guidelines during their discussions regarding the plea offer. After receipt of the Presentence Investigation Report, recommending the enhancement, prior to sentencing, Mr. Hunter did not "advise the Petitioner that it would be appropriate to file a Motion to withdraw the guilty plea."  (*Memorandum in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255*, at 5, Document 87.)  Following sentencing, the Court ordered that new counsel be appointed to represent Mr. Woodson on appeal in anticipation of a potential claim for ineffective assistance of counsel.  Because no motion to withdraw the guilty plea was filed, the validity of the guilty plea was reviewed for plain error on direct appeal.   The Fourth Circuit Court of Appeals found that the Court properly informed Mr. Woodson of the potential statutory maximum punishment of twenty (20) years of incarceration.  Thus, any erroneous information from his counsel regarding his potential sentence was of no consequence, and he could not demonstrate that he was prejudiced by

3

any purported failures by his counsel. (*United States v. Woodson*, No. 10-4989, at p. 3–5, April 11, 2011, Case No. 5:09-cr-191, Document 76.)

In his PF&R, Magistrate Judge VanDervort found that the Fourth Circuit's ruling precluded Mr. Woodson's claim for ineffective assistance of counsel. (PF&R at 4–5) ("Petitioner is clearly seeking to revisit the same issues that were rejected on appeal.") He went on to explain that recent Supreme Court cases finding a duty by counsel to effectively advise defendants during the plea bargaining phase "do not constitute an intervening change in law that justifies consideration of a prior determination." (*Id.* at 6) (citing *Harris v. Smith*, 2013 WL 6645584 (4th Cir., Dec. 18, 2013), which held that the Supreme Court cases "did not announce a new rule of constitutional law.") Magistrate Judge VanDervort further noted that an older case, *Hill v. Lockhart*, 474 U.S. 52 (1985), governs the factual scenario before the Court. *Lockhart* involved a claim that poor advice led to acceptance of a plea agreement that a defendant would otherwise have rejected, whereas the newer precedent involved rejections of beneficial plea agreements. *Lockhart*, 474 U.S. 52. Thus, he found Mr. Woodson's claim to be "procedurally barred because he is seeking to revisit the same issues that were rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so." (PF&R at 7.)

Mr. Woodson objects, arguing that a habeas proceeding is the preferred forum for raising ineffective assistance of counsel claims. Further, he stresses that "the intermingled claims of an involuntary plea based on ineffective assistance raised by appellate counsel cause[d] the Court of Appeals to review the ineffective assistance of counsel claim under the prejudicially harsh standard of plain error." (Obj. at 2.) He urges the Court, in construing his claims liberally, to

4

recognize "a claim of ineffective assistance of appellate counsel for raising an IAC claim on direct appeal without a fully devolved (sic) factual record." (*Id.* at 4.)

In his subsequent § 2255 motion, filed just over two weeks after his objections, Mr. Woodson asserts an additional ground for his ineffective assistance of counsel claim. He states that "[t]he trial Court, without consent of Movant, as is required by Rule 32(c)(1),[1] did "defer" its acceptance of the plea, until after it [the Court] had read Movant's presentence report. This was a grave constitutional error committed by the Court and Counsel was most ineffective" in failing to challenge it. (Second Mot. at 5.)

## II. MOTION PURSUANT TO 28 U.S.C. § 2255 FILED IN CASE NO. 5:12-CV-2529

### A. Standard of Review

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and

---

[1] Though the Petitioner cites Rule 32(c)(1), his argument appears to rest on Rule 32(e)(1).

5

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Discussion

Mr. Woodson does not contest the Magistrate Judge's finding that no intervening change in the law supports his claim. (*See generally,* Obj.) Instead, he argues that Fourth Circuit case law establishes a preference for adjudication of claims of ineffective assistance of counsel in habeas proceedings pursuant to 28 U.S.C. § 2255, rather than on direct appeal. (*Id.* at 2.) He attempts to separate his involuntary plea claim from his claim that Mr. Hunter was ineffective for failing to properly investigate the application of the career offender provision in the Guidelines. (*Id.* at 3.) He asserts that his appellate counsel was also ineffective for raising his ineffective assistance claim on direct appeal, when (a) the factual record was less developed and (b) the Fourth Circuit would apply plain error review because no challenge to the guilty plea was made during the initial proceeding. (*Id.* at 2–4.)

The Court finds that Magistrate Judge VanDervort correctly found the Petitioner's claims to be procedurally barred because they were raised and addressed in full on direct appeal. Then, as now, the essence of the claim is that Mr. Hunter's false belief, passed on to his client, that a provision in the plea offer precluding the Government from filing an Information pursuant to 21 U.S.C. § 851 would also prevent the Court from applying the career offender provision pursuant to § 4B1.1 of the Guidelines. Mr. Hunter admitted prior to sentencing that he was mistaken with respect to the impact of the plea on the Guidelines. The Fourth Circuit held that Mr. Woodson's plea was not involuntary because the Court independently informed him of the statutory potential punishment, negating any potential prejudice arising from the error. Mr. Woodson has presented

6

no new facts that give rise to an ineffective assistance of counsel claim. This is not a case in which an attorney's strategy and motives are unclear or contested. Additional details regarding Mr. Hunter's representation are unlikely to shed further light. It was clear during the direct appeal that he misunderstood the impact of the plea agreement, and, by implication, that any estimated Guideline range shared with Mr. Woodson prior to acceptance of the plea was incorrect.

Mr. Woodson's reliance on *Massaro v. United States* and related cases is misplaced. The Supreme Court held in *Massaro* that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." 538 U.S. 500, 504-05 (2003). *Massaro* does not, however, give defendants the opportunity to raise a claim on direct appeal in those cases where the facts are sufficiently developed, then bring the same unsuccessful claim back to the district court in a collateral attack.

Mr. Woodson's attempt to treat his claim, that his trial counsel did not properly investigate his potential Guideline range and sentence, as separate from his involuntary plea claim is likewise unavailing. A claim of ineffective assistance of counsel rests on two prongs: the deficiency of counsel's performance, and the prejudicial result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a challenged guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, the involuntary plea claim is necessarily intertwined with the alleged ineffectiveness of his counsel.

Mr. Woodson cannot demonstrate that his *sentencing* would have been different absent his attorney's error. Importantly, Mr. Hunter's mistake did not deprive Mr. Woodson or the Court of information or legal arguments to support a lower sentence. Mr. Hunter simply provided Mr. Woodson with inaccurate information with respect to his potential advisory Guideline range. Had he been given accurate information by his counsel relative to his career offender status and had he been convicted after a trial, the Court would have received a very similar Presentence Investigation Report with the same prior offenses establishing the applicability of the career offender provision. Mr. Hunter could do nothing to alter Mr. Woodson's prior record. Accordingly, Mr. Woodson's petition presents the same question considered by the Fourth Circuit on direct appeal: whether the misinformation from his counsel led him to accept a plea agreement he would otherwise have rejected. Thus, as found by Magistrate Judge VanDervort, further re-consideration by this Court is procedurally barred. *See, e.g.*, *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). The Petitioner's *Objections* to the Magistrate Judge's PF&R must be **OVERRULED.**

### III. MOTION PURSUANT TO 28 U.S.C. § 2255
### FILED IN CASE NO. 5:14-CV-16725

Courts are to give § 2255 motions preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. That rule provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party," without ordering a response from the United States. Rule 4(b); *United States v. Hill*, 861 F.2d 266 (4th Cir. 1988).

Under 28 U.S.C. § 2255, "A second or successive motion under § 2255 must be denied unless certified 'by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence ...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *United States v. Poole*, 531 F.3d 263, 266, n. 4 (4th Cir. 2008) (quoting § 2255(h)). Mr. Woodson argues in his second § 2255 motion that he has shown "cause and prejudice," entitling him to overcome the procedural bars regarding timeliness and presentation of issues not raised on direct appeal. He does not address the bar on second or successive motions.

The motion brought in case 5:14-cv-16725 is likely procedurally barred. Even if construed as an amendment to his previous motion or otherwise admitted and reviewed on its merits, it must be dismissed pursuant to Rule 4(b). His motion is premised on a misreading of Rule 32(e)(1) of the Federal Rules of Criminal Procedure, which provides: "Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." Mr. Woodson contends that the Court erred in waiting to review the Presentence Investigation Report before accepting the parties' plea agreement, and that his counsel's failure to challenge that error was ineffective.

Rule 32(e)(1) is designed to prevent the Court from reviewing inadmissible evidence contained in a Presentence Investigation Report prior to the defendant's guilty plea or conviction. *See Gregg v. United States*, 394 U.S. 489, 492 (1969) (considering a prior version of the rule)("To permit the ex parte introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the

9

rule's purpose of preventing possible prejudice from premature submission of the presentence report.")  Mr. Woodson pled guilty on March 30, 2010.  (Documents 45–48, Criminal Action No. 5:09-cr-191.)   At his plea hearing, the Court accepted his guilty plea and adjudged him guilty, but withheld acceptance of the plea agreement pending review of the Presentence Investigation Report, to be submitted to the Court by July 12, 2010.   (Order, Document 46.)

Rule 11(c)(3) of the Federal Rules of Criminal Procedure provides that, presented with a plea agreement in which the government agrees to refrain from bringing or dismiss other charges, "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  Fed. R. Crim. P. 11(c)(3); *accord United States v. Ewing*, 957 F.2d 115, 119 (4th Cir. 1992) (finding that a district court did not abuse its discretion in accepting a guilty plea and later approving the plea agreement).   The Guidelines provide language parallel to Rule 11, as well as policy statements "intended to ensure that plea negotiation practices (1) promote the statutory purposes of sentencing prescribed in 18 U.S.C. § 3553(a); and (2) do not perpetuate unwarranted sentencing disparity."  U.S.S.G. § 6B1.1.   Plea agreements that include dismissal of charges and/or agreement not to pursue potential charges require a determination by the court that the agreement "adequately reflect[s] the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines."  *Id.* at § 6B1.2(a).

In accordance with the Federal Rules of Criminal Procedure and the Guidelines, courts may properly withhold acceptance of a plea agreement pending review of the Presentence Investigation Report.   Rule 32(e)(1) has no applicability to a defendant, like Mr. Woodson, who has pled guilty.   Thus, Mr. Woodson's motion pursuant to § 2255 brought in Case No.

10

5:14-cv-16725 must be **DISMISSED** in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court.

## *CONCLUSION*

Wherefore, based on the findings herein, the Court does hereby **ORDER** that Magistrate Judge VanDervort's *Proposed Findings and Recommendation* (Document 96, Case Number 5:12-cv-2529) dismissing Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* be **ADOPTED,** that Petitioner's *Objections* to the PF&R (Document 97) be **OVERRULED**, and that the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Document 86) be **DISMISSED WITH PREJUDICE**.

For reasons appearing to the Court, it is further **ORDERED** that the *Standing Order* (Document 99) entered on May 22, 2014, in Case No. 5:14-cv-16725, designating Magistrate Judge Dwane L. Tinsley to submit proposed findings of fact and recommendation, is hereby **VACATED**.  Following careful consideration, for the reasons stated herein, the Court **ORDERS** that the Petition, titled *Movant Due to His Compliance With and His Satisfaction of the "Cause and Prejudice" Standard He Submits This 28 U.S.C. § 2255 in Want of Relief* (Document 98) be **DISMISSED WITH PREJUDICE.**

The Court has additionally considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is

debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER: July 22, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12